**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MARGARITA GARNER,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-0714-K |
| ) | |
| **NURIA PRENDES, et al.,** ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by an alien who is subject to an administratively final order of removal.[1]

Parties: Petitioner Margarita Garner is represented by retained counsel. Respondents are Nuria Prendes, Field Operations Director of Detention and Removal operations for the Dallas Office of the United States Immigration and Customs Enforcement (ICE), Alberto Gonzales, Attorney General of the United States, and Michael Chertoff, Secretary of the Department of

---

[1] On October 7, 2002, an immigration judge in Dallas, Texas, granted Petitioner voluntary departure in lieu of deportation. Respondents acknowledge that the order of voluntary departure converted to an order of removal by operation of law when Petitioner failed to depart in a timely manner. 8 C.F.R. § 1240.26(b)(3), (d). (Respondents' Mot. to Transfer at 2 n. 3).

Homeland Security. The court issued process in this case.

Statement of Case: Petitioner seeks to challenge the order of removal on the following grounds (1) retained counsel rendered ineffective assistance of counsel; (2) the immigration judge failed to advise Petitioner of her right to raise her claim to lawful resident status; and (3) the order to show cause is legally insufficient because the removal proceedings were not commenced in compliance with the Immigration and Nationality Act, and thus the immigration court was without jurisdiction. As relief, Petitioner requests a writ of habeas corpus ordering the reopening of her immigration hearing.

In response to this court's order to respond to the habeas corpus petition, Respondents filed a motion seeking transfer of the habeas petition to the United States Court of Appeals for the Fifth Circuit in accordance with the REAL ID Act of 2005. Petitioner has not responded to the motion for transfer as of the filing of this recommendation.

Findings and Conclusions: The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268, 119 Stat. 231, was enacted on May 11, 2005. Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361

2

and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106.

The Real ID Act also amends § 1252 to remove jurisdiction of the District Courts and transfers it to the Court of Appeals to review removal decisions:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Real ID Act, § 106. Upon transfer, the habeas petition is treated as if it had been originally filed as a petition for review.[2]

Petitioner's habeas corpus petition filed under § 2241 is facially covered by amended section 242(a). Accordingly, the Court should transfer this case to the Fifth Circuit Court of Appeals and administratively close the matter in the district court.

---

[2] The plain text of section 106, read in conjunction with the provision governing effective date (quoted below), makes it plain that the exclusive jurisdiction provision is intended to apply to pending petitions under section 2241:
*2 (b) EFFECTIVE DATE.--The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

3

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court grant Respondents' motion to transfer this case to the Fifth Circuit Court of Appeals and administratively close this habeas corpus action in the District Court.

A copy of this recommendation will be transmitted to counsel for Petitioner Margarita Garner and to counsel for the government.

Signed this 8th day of June, 2005.

*Wm.F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.